[814 NYS2d 882]

In the Matter of JOSEPH E. CORRADO (Admitted as JOSEPH ED-
MUND CORRADO), an Attorney, Resignor.

Second Department, May 30, 2006

### APPEARANCES OF COUNSEL

*Joseph E. Corrado*, Jericho, resignor pro se.

*Rita E. Adler*, Hauppauge (*Mitchell T. Borkowsky* of counsel),
for Grievance Committee for the Tenth Judicial District.

### OPINION OF THE COURT

Per Curiam.

Joseph E. Corrado has submitted an affidavit dated November

14, 2005, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Corrado was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 22, 1985, under the name Joseph Edmund Corrado.

Mr. Corrado acknowledges that the Grievance Committee's preliminary investigation reveals evidence, inter alia, of infractions of the Code of Professional Responsibility with respect to the maintenance of his firm's escrow account, including a failure to preserve funds entrusted to him as a fiduciary, conflicts of interest, and neglect of legal matters entrusted to him. Mr. Corrado was advised that charges based thereon would definitely be prosecuted in a disciplinary proceeding to be recommended to the Court.

On or about January 27, 1998, Mr. Corrado represented Marie Sawicki in the sale of her home to Patricia Saintil-Baptiste. Mr. Corrado was the real estate broker in that transaction and received a broker's commission in addition to an attorney's fee. At the closing, Mr. Corrado agreed to continue to hold $1,840 of the down payment in his escrow account to ensure that the seller delivered a certificate of completion or other evidence that the basement of the subject home complied with all municipal codes and regulations. He admittedly neglected the matter and failed to take the necessary steps to apply for and obtain the required certificate.

Mr. Corrado also admitted that he failed to preserve funds entrusted to him as a fiduciary with respect to several matters. With respect to the Sawicki/Saintil-Baptiste matter, he was required to be holding at least $1,840 in escrow on August 31, 2001. However, the balance in his escrow account at that time was only $18.36.

In connection with his representation of Mary Burke, as executrix of the estate of James Burke, regarding the sale of premises in Valley Stream, Mr. Corrado received $30,000 to hold in escrow pending disbursement to the appropriate parties. He failed to preserve that amount and the balance in his escrow account was only $69.54 on January 25, 2002. Mr. Corrado deposited two checks totaling $32,000 drawn against his personal and business accounts into his escrow account. He drew a check for $30,000 payable to Mrs. Burke against that deposit on or about January 28, 2002.

On or about April 2, 2002, Mr. Corrado deposited checks totaling $43,700 from Man Misuk as a down payment on a real estate

transaction. The transaction did not close and Mr. Corrado refunded a check for the down payment on or about June 7, 2002. However, the balance in his escrow account fell to $8,173.09 on May 13, 2002, and $38,173.09 on May 21, 2002.

Mr. Corrado conceded that he did not maintain records for his escrow account during that period and has not accounted for those funds.

Mr. Corrado acknowledged his inability to successfully defend himself on the merits of any disciplinary charges which could be initiated by the Grievance Committee based upon his conduct.

Mr. Corrado avers that his resignation is freely and voluntarily rendered and that he is not being subjected to coercion or duress by anyone. He has discussed his decision to resign with persons whose advice and counsel he respects and is fully aware of the consequences of its submission, including being barred by Judiciary Law § 90 and the Court rules from seeking reinstatement for at least seven years.

Mr. Corrado's resignation is submitted subject to any application which could be made by the Grievance Committee for an order directing that he make restitution and reimburse the New York Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him, and he specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee urges acceptance of the proffered resignation. Inasmuch as it complies with all pertinent Court rules, the resignation is accepted, and, effective immediately, Joseph E. Corrado, admitted as Joseph Edmund Corrado, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., FLORIO, MILLER, SCHMIDT and SANTUCCI, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, Joseph E. Corrado, admitted as Joseph Edmund Corrado, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Joseph E. Corrado, admitted as Joseph Edmund Corrado, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Joseph E. Corrado, admitted as Joseph Edmund Corrado, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the resignor, Joseph E. Corrado, admitted as Joseph Edmund Corrado, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the resignor shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).